**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00041**

| | | |
|---|---|---|
| **FRANCES FRANKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | <u>**MEMORANDUM OF**</u> |
| | ) | <u>**DECISION AND ORDER**</u> |
| **SSC BREVARD OPERATING** | ) | |
| **COMPANY, LLC, d/b/a BRIAN** | ) | |
| **CENTER HEALTH AND** | ) | |
| **REHABILITATION/BREVARD,** | ) | |
| **SAVASENIOR CARE** | ) | |
| **ADMINISTRATIVE SERVICES, LLC,** | ) | |
| **and JAN DOES 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand.

[Doc. 6]. The Defendants oppose the Plaintiff's Motion. [Doc. 10].

## I.    PROCEDURAL BACKGROUND

On March 27, 2018, Frances Franks ("Plaintiff") filed this action in the

Transylvania County General Court of Justice, Superior Court Division,

against SSC Brevard Operating Company, LLC, d/b/a Brian Center Health

and Rehabilitation/Brevard, SavaSeniorCare Administrative Services, LLC

and Jan Does 1-10 (collectively "Defendants"), asserting claims for ordinary

negligence. [Doc. 1-1 at ¶¶ 1, 7].

The Defendants own, operate, or are employed at the Brian Center Health & Rehabilitation/Brevard. [Id. at ¶¶ 2-6]. The Plaintiff alleges that she was injured when she was attacked by a resident of the Defendants' facility identified in this case as "Mr. P." [Id. at ¶ 1]. The Plaintiff claims that the Defendants knew Mr. P engaged in violent behavior but failed to warn her before she interacted with him. [Id. at ¶ 18, 33]. The Plaintiff argues that the Defendants' negligence violated the duty the Plaintiff was owed as either a business invitee or a licensee. [Id. at ¶ 30-31].

As a result of the attack, the Plaintiff alleges she suffered "violent, serious, and severe injuries" that are "permanent." [Doc. 1 at ¶¶ 27, 37]. The Plaintiff also alleges that her injuries "forced her to undergo surgery, receive medical treatment, and be unable to work "for an amount of time." [Doc. 1-1 at ¶ 27, 28, 38, 41]. Since the attack, the Plaintiff alleges that she has incurred and is continuing to incur medical and hospital expenses in an unspecified amount. [Id. at ¶ 39].

The Plaintiff's Complaint requested damages in excess of $25,000. [Id. at ¶ 8]. The Civil Cover Sheet filed with the Complaint contradictorily stated that the amount in controversy did not exceed $15,000. [Doc. 1-2 at 1]. As North Carolina law requires, the Complaint does not specifically demand an amount of damages, only a general amount in excess of

$25,000, so the precise amount in controversy is unclear on the face of the Complaint. [See Doc. 1-1; see also N.C. R. Civ. P. Rule 8(a)(2)].

On October 1, 2018, six months after the Complaint was filed, the Plaintiff served the Defendants. [See Doc. 6.]. The Defendants answered on October 29, 2018. [Doc. 1-7]. On November 6, 2018, the Defendants served the Plaintiff with three Requests for Admission. In the requests, the Defendants asked the Plaintiff to admit that she would not seek more than $15,000.00, $25,000.00, and $74,999.00, respectively. [See Doc. 1-3].[1]

On December 7, 2018, the final day to file responses to the Defendants' Requests, the Plaintiff moved for an extension of time to answer. [Doc. 1-4]. Her motion was granted. [Id.]. On January 7, 2019, the Plaintiff filed Objections and Answers to the Defendants' Requests, arguing that the Requests were "outside the scope of Requests for Admissions allowed by Rule 36." [Doc. 1-5].

On February 6, 2019, the Defendants filed a Notice of Removal based on federal diversity jurisdiction under 28 U.S.C. § 1332(a). [Doc. 1]. In their Notice of Removal, the Defendants allege that diversity jurisdiction exists

---

[1] For federal diversity jurisdiction, the amount in controversy must be greater than $75,000.00. See 28 U.S.C. § 1332(a). Therefore, the minimum amount required for jurisdiction pursuant to § 1332(a) is $75,000.01, not $74,999.

because the parties are completely diverse,[2] and the amount in controversy requirement is met "[b]ased on Plaintiff's responses to Defendants' Requests for Admission, as well as the type and severity of the injuries alleged." (Doc. 1 at ¶¶ 3-7, 11]. The Defendants also claim that the case was not originally removable based on the initial pleading. [Id. at ¶ 9]. According to the Defendants, the Plaintiff's Objections and Answers qualified as an "'other paper' from which they [first ascertained] that the case [was] removable." [Id. at 12]. Therefore, the Defendants argue that their Notice of Removal was timely because it was filed within thirty days after they received the Plaintiff's Objections and Answers. [Id. at ¶ 9].

On March 7, 2019, the Plaintiff filed a Motion to Remand, arguing that that the Defendants' Notice of Removal was filed outside the time frame for removal under the 28 U.S.C. § 1446. [Doc. 6]. The Plaintiff also claims that she inadvertently checked the box on the Civil Cover Sheet indicating that she would seek less than $15,000 in damages, but that she expressly asserted in her Complaint that she seeks damages in excess of $25,000. [Id. at 5 n.2].

On March 21, 2019, the Defendants responded to Plaintiff's Motion to Remand, arguing that their Notice of Removal was timely filed because it

---

[2] There is no dispute here that the parties are diverse.

was filed within thirty days after the Defendants received the Plaintiff's Objections and Answers and thus ascertained that the case was removable. [See Doc. 10].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Federal courts have original jurisdiction over civil actions between citizens of different states if the amount in controversy exceeds $75,000 and complete diversity exists between the parties. See 28 U.S.C. § 1332(a). A defendant may remove a civil action from a state court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The party seeking removal has the burden to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Federal courts are "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting Mulcahey, 29 F.3d at 151). Therefore, courts must "resolve all doubts in favor of remand." Strawn v. AT&T Mobility, LLC, 530 F.3d 293, 297 (4th Cir. 2008). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

## III.  DISCUSSION

### A.  Timeliness of Removal

Usually, a notice of removal of a civil action must be filed within thirty days after the defendant receives the initial pleading.  <u>See</u> 28 U.S.C. § 1446(b)(2).  If, however, the case stated by the initial pleading is not removable, the defendant can remove the case within thirty days from "receipt ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable," as long as one year has not passed from the date of the initial pleading.  <u>Id.</u> at (b)(3), (c).

"Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal." <u>Bartnikowski v. NVR, Inc.</u>, 307 F. App'x 730, 734 (4th Cir. 2009) (unpublished).  In North Carolina, however, "a plaintiff can plead for judgment in excess of a certain dollar amount, . . . making it difficult to determine the exact amount in controversy" from the initial pleading.  <u>Lee Elec. Constr., Inc. v. Eagle Elec., LLC</u>, No. 1:03-cv-00065, 2003 WL 21369256, at *2 (June 10, 2003).  That is the case here, where the Complaint only states that the amount in controversy "exceeds $25,000.00."  [Doc. 1-1 at ¶ 8].

## 1.    Removal after Initial Pleading

First, this Court must decide "if the case stated by the initial pleading [was] removable." 28 U.S.C. § 1446(b)(3). If the case was removable based on the initial pleading, the Defendants failed to file their Notice of Removal within the thirty days required by 28 U.S.C. § 1446(b)(2)(B).

A court is not required to investigate Defendants' subjective knowledge regarding when they discovered that grounds for removal existed, as that "could degenerate into a mini-trial regarding who knew what and when." Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). Instead, a court "can rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when defendant had notice of grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or other subsequent paper." Id. As the Fourth Circuit has explained:

> "[O]nly where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or *indeed misstated*, that circumstance makes the case 'stated by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal.

Id. (emphasis added).

Here, the Defendants argue that the case was not removable based on the initial pleading. [Doc. 1 at ¶ 9]. The Complaint simply alleges that the damages are in excess of $25,000, which the Defendants claim raised doubts about whether the case was removable under diversity jurisdiction to begin with. [Id. at ¶ 9-11]. Further, the Complaint and Civil Cover Sheet plainly state contradictory amounts in controversy, one that might possibly support diversity jurisdiction and one that clearly would not. [Id. at ¶ 9]. The Plaintiff acknowledges in her Motion to Remand that the Civil Cover Sheet misstated the details creating grounds for jurisdiction by erroneously stating that the amount in controversy was under $15,000. [Doc. 1-2; Doc. 6 at 5 n.2].

The Defendants, in their Response to the Motion to Remand, argue that the Plaintiff's allegations regarding her injuries indicate that the jurisdictional amount is met. [Doc. 10 at 5]. If this were true, then the Defendants' removal is untimely. The allegations in the Complaint, however, are so imprecise that they fail to demonstrate that the amount in controversy exceeds $75,000. They only show that the jurisdictional amount might be met. As such, the Court concludes that this case was not removable based solely on the initial pleading. Thus, the Plaintiff's failure to file their Notice of

Removal within thirty days of the filing of the Complaint does not render the removal untimely.

### 2. Removal After Plaintiff's Objections and Answers to Defendants' Requests for Admission

Because the case stated by the initial pleading was not removable, the Defendants could only remove the case upon receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Defendants claim that the Plaintiff's Objections and Answers to the Defendants' Requests for Admissions were the "other paper" that made this case removable. [Doc. 1 at ¶ 11; Doc. 10 at ¶ 14].

"The motion, order or other paper requirement is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner." Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996) (citations and internal quotation marks omitted). "[I]t is settled that the thirty-day removal period is not triggered at the instant the case becomes removable, or even when the defendant has enough evidence to surmise that the case might have become removable; rather, an amended pleading, motion, order, or other paper must be *unequivocally clear and certain* . . . ." US Airways, Inc. v. PMA Capital Ins. Co., 340 F. Supp. 2d 699, 703–04 (E.D. Va. 2004) (citations and internal quotations omitted) (emphasis

added).  "An admission by a party constitutes an 'other paper' within the meaning of § 1446(b)."  <u>Rodgers v. Nw. Mut. Life Ins. Co.</u>, 952 F. Supp. 325, 328 n.4 (W.D. Va. 1997) (citing <u>Bonnell v. Seaboard Air Line R. Co.</u>, 202 F. Supp. 53, 55 (N.D. Fla. 1962)).

While a party admission can constitute an "other paper," it is unclear if a plaintiff's refusal to limit their damages below the jurisdictional threshold qualifies as an "other paper."  Courts disagree, even within this Circuit.

On one hand, some courts have held that a plaintiff's "refusal to admit or stipulate that the amount in controversy does not exceed $75,000 [can be] the 'other paper' from which [a defendant] first learned the case was removable."  <u>Schwenk v. Cobra Mfg. Co.</u>, 322 F. Supp. 2d 676, 680 (E.D. Va. 2004) (citing <u>Yarnevic</u>, 102 F.3d at 755).  According to those courts, their approach helps to "encompass circumstances where a plaintiff, in bad faith, declines to stipulate that it will not seek damages in the future which would exceed the amount in controversy."  <u>Mabry v. Gov't Employee's Ins. Co.</u>, 267 F. Supp. 3d 724, 729 (N.D. Miss. 2017).

Other courts have held that "[a] plaintiff's refusal to sign a stipulation limiting her ability to collect damages in excess of $75,000.00 does not establish the requisite amount in controversy." <u>Castle v. Doe</u>, No. 3:16-CV-18, 2016 WL 2636301, at *2 (N.D. W. Va. May 6, 2016) (citation and internal

quotations omitted).  Those courts have found that a "plaintiff's refusal to stipulate to maximum damages does not establish that the claim exceeds $75,000.  At best, it provides a tenuous and hypothetical inference."  Bell v. Qwest Communications International, Inc., No. CIV.A. 8:11-00037, 2011 WL 2601566, at *5 (D.S.C. June 30, 2011).  As the District Court for the District of South Carolina noted, the court should not

> theorize as to the meaning of Plaintiff's refusal to stipulate that their damages are less than $75,000.  It is always a doubtful course to argue for the truth of some proposition on the sole basis that the opposing party has refused to admit it.  Stated differently, Plaintiff's refusal to admit 1) that the amount in controversy does not exceed $75,000, or 2) that Plaintiffs will never attempt to collect any amounts from Defendants in excess of that sum, is, without more, an insufficient basis for this Court to find that the jurisdictional amount has been satisfied.

Mintz v. Werner Enterprises, No. CIV.A.7:05CV2754-HFF, 2006 WL 278991, at *3 (D.S.C. Feb. 2, 2006).

This Court finds the latter approach to be more persuasive.  The Plaintiff's Objections and Answers to the Defendants' Requests for Admissions did not make it "unequivocally clear and certain" that the Plaintiff seeks more than $75,000 in damages.  The Objections did not even provide the Defendants with any information beyond what was already contained in the Complaint.  The Plaintiff could have objected to the Defendants'

Requests merely because she believed that they were outside the scope allowable under the rules.[3]  This Court cannot simply assume that the Objections prove that the Plaintiff is seeking a jurisdictional amount.  To do so would mean theorizing about the meaning of the objections even though the Fourth Circuit has counseled that "[c]ourts must strictly construe removal jurisdiction and resolve all doubts in favor of remand." Strawn v. AT&T Mobility, LLC, 530 F.3d 293, 297 (4th Cir. 2008).[4]

As such, this Court holds that the Plaintiff's Objections and Answers to the Defendants' Requests for Admissions were not an "other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  The Defendants failed to carry their burden of demonstrating that the requisite amount in controversy exists for the exercise of federal diversity jurisdiction.  Accordingly, remand is warranted.

---

[3] This Court need not determine whether the Plaintiff's Objections and Answers to the Requests for Admissions were improper or even frivolous.  That is for the state court to determine, in application of its rules, if the Defendants seek to compel or otherwise have the requests deemed admitted.  It should be noted, however, that if the Requests are deemed admitted, that result would eliminate jurisdiction in this Court.

[4] Unlike the plaintiffs in Castle, Bell, and Mintz, the Plaintiff here simply objected to the Defendants' Requests for Admissions as outside the scope allowed by the rules.  As such, there is even less basis to hold that the amount in controversy is greater than $75,000 here since the Plaintiff technically did not refuse to stipulate that damages are below $75,000.  Finding that the Plaintiff's procedural objections were actually a refusal to stipulate to damages below $75,000 would require an inference in favor of removal, which would not "resolve all doubts in favor of remand." Strawn, 530 F.3d at 297.

## B.    Attorney's Fees

The Plaintiff requests an award of costs and expenses, including attorneys' fees, incurred as the result of the removal pursuant to 28 U.S.C. 1447(c).  The Court in its discretion declines to do so here as the Defendants possessed an objectively reasonable basis for seeking removal.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable basis exists, fees should be denied.").

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Remand [Doc. 6] is **GRANTED**, and this case is hereby **REMANDED** to the General Court of Justice Superior Court Division of Transylvania County, North Carolina for further proceedings.  The Clerk of Court is respectfully directed to provide a certified copy of this Order to the Transylvania County Superior Court Clerk.

**IT IS SO ORDERED.**

Signed: August 12, 2019

Martin Reidinger
United States District Judge